"O"

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 07-555-AG (RNBx) | Date | September 30, 2008 |
|---|---|---|---|
| Title | PRUDENCE CORP. v. SHRED-IT-AMERICA, INC., ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   [IN CHAMBERS] ORDER DENYING MOTION TO AMEND, GRANTING MOTION FOR ATTORNEY FEES

### MOTION TO AMEND OR ALTER JUDGMENT, TO AMEND THE PLEADINGS, OR FOR A NEW TRIAL

Before the Court is the Motion of Defendant Shred-It America, Inc. ("Defendant") to Amend or Alter Judgment Pursuant to FRCP 59(e); to Amend the Findings Pursuant to FRCP 52(b); or in the Alternative, for a New Trial Pursuant to FRCP 59(a) ("Motion"). After considering the arguments submitted by the parties, the Court DENIES the Motion.

Under Federal Rule of Civil Procedure 59, a court may grant a new trial or reconsider its previous order if a party shows: (1) manifest error of law, (2) manifest error of fact, or (3) newly discovered evidence. *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). A motion to reconsider is also appropriate where a court has "made a decision outside the issues presented to the Court." *RKI, Inc. v. Grimes*, 200 F. Supp. 2d 916, 920 (N.D. Ill. 2002). But "[w]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." *Keweenaw Bay Indian Community v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd*, 11 F.3d 1341 (6th Cir. 1992) (citation omitted).

The Court, having reviewed Defendant's arguments, finds that Defendant is attempting to rehash essentially the same arguments presented at trial. The Court finds that Defendant's attempt at a "second bite at the apple" is inappropriate here. *See LiButti v. United States*, 178 F.3d 114, 18 (2d Cir. 1999).

"O"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-555-AG (RNBx) | Date | September 30, 2008 |
|---|---|---|---|
| Title | PRUDENCE CORP. v. SHRED-IT-AMERICA, INC., ET AL. | | |

The Court has found and again finds that Defendants intentionally and inexcusably violated their contract with Plaintiff Prudence Corporation ("Plaintiff") by refusing to follow the simple rules for renewing the franchise. Defendant's actions placed a huge disadvantage on Plaintiff, forcing it to continue operating its franchise while waiting and wondering whether Defendant would choose to honor its promise about franchise renewal.  Defendant forced Plaintiff into this untenable situation to obtain financial advantages for itself, including advantages in negotiating with Plaintiff and other franchisees.

Defendant continues to unreasonably assert, as it has done all along, that Plaintiff's remedy is to be placed in the exact position that Plaintiff sought to avoid by filing this lawsuit.  That is, Defendant would force Plaintiff to negotiate with Defendant now, long after the negotiations should have taken place and after Plaintiff was necessarily forced to take action to continue its business.  Since Defendant has acted wrongly and breached the contract, this Court sitting in equity refuses to reward the Defendant with the advantageous position of negotiating at this very late date.  Defendant unfairly decided to violate its contract with Plaintiff and the cost of that decision should be placed on Defendant, not Plaintiff.

The Court has considered what might happen if it agreed with Defendant's position.  Plaintiff would be forced to negotiate a new franchise agreement from a disadvantaged position that might very well result in no agreement, which would mean Plaintiff would be left without the franchise it has reasonably, and in reliance on Defendant's promises, built and invested in over time.

This equitable Court will not allow the inequitable result Defendant demands, and has fashioned the most equitable solution to the problem created by Defendant.  The Court's solution is not contrary to law.  The Court did not rewrite the contract.  Instead, it deemed that, when Defendant breached by not offering Plaintiff a new contract, the existing contract was deemed to be offered to Plaintiff.  The Court then deemed Plaintiff's actions relying on the existing contract to be acceptance of the contract.  Accordingly, instead of impermissibly rewriting a contract, the Court made use of the only contract terms existing following and due to Defendant's breach.

Accordingly, this Motion is Denied.

## MOTION FOR ATTORNEY FEES

Also before the Court is Plaintiff's Motion for Attorneys' Fees Award ("Motion for Fees"). After considering the arguments submitted by the parties, the Court GRANTS the Motion for Fees.

"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-555-AG (RNBx) | Date | September 30, 2008 |
|---|---|---|---|
| Title | PRUDENCE CORP. v. SHRED-IT-AMERICA, INC., ET AL. | | |

California law generally does not allow for the recovery of attorney fees. *Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234 (9th Cir. 2001). Parties may, however, contract around the default rule to award attorney fees to the parties in an action under a contract. *Int'l Marble & Granite of Colo., Inc. v. Congress Fin. Corp.*, 465 F. Supp. 2d 993, 1001 (C.D. Cal. 2006).

Plaintiff argues that the franchise agreement provides for Plaintiff's recovery of attorney fees. Plaintiff argues, first, that multiple areas of the franchise agreement allow either both parties or the franchisor to collect attorney fees for any litigation on the contract. Plaintiff argues, second, that under California law, no attorney fee clause can be one-sided. *See* Cal. Civ. Code § 1717. Thus, Plaintiff reasons, Plaintiff is entitled to attorney fees under many clauses, including clauses that entitle only Defendant to attorney fees, because those clauses must be made mutual under California law.

Shred-It agrees with Plaintiff's statement of California law, but disagrees that the contract would have provided for attorney fees to either the Defendant or Plaintiff in this case. The Court will address only one of the clauses argued by Plaintiff, because the Court finds that the clause supports an award of attorney fees for Plaintiff. The Court will then address whether the proposed attorney fee award is reasonable.

### 1.   Contractual Provision Permitting Recovery of Fees Incurred in Enforcing Post-Term Rights

One provision of the contract provides that the franchisor may recover attorney fees after enforcing post-term rights. Defendant argues that this term, when made bilateral under California law, would give Plaintiff only the right to recover attorney fees after enforcing post-term rights. Defendant then argues that, because the contract was not terminated, this clause cannot possibly give Plaintiff a right to recover attorney fees.

Plaintiff responds that Defendant's interpretation would not make the clause sufficiently bilateral under California law. Plaintiff argues that, when making an attorney fee clause bilateral, a court should look not to the exact language of the clause, but to its effect. *Santisas v. Goodin*, 17 Cal.4th 599, 610 (1998) ("The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions.") For instance, here, the effect of the clause is to give the franchisor a right to attorney fees for its likely equitable claims against the franchisee. Thus, to make this clause bilateral, a court would give the franchisee a right to attorney fees for its likely equitable claims against the franchisor.

"O"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-555-AG (RNBx) | Date | September 30, 2008 |
|---|---|---|---|
| Title | PRUDENCE CORP. v. SHRED-IT-AMERICA, INC., ET AL. | | |

According to Plaintiff, franchisees do not sue for post-term relief. Instead, they sue to stay franchisees. Thus, to make the provision bilateral, the franchisee must be entitled to attorney fees for its likely equitable claim against the franchisor – a suit to remain a franchisee.

The Court agrees with Plaintiff. Attorney fees should be awarded to Plaintiff in this action.

### 2. Whether the Fees are Reasonable

Plaintiff seeks attorney fees of $106,935. Of that amount, $92,692.50 will go to the Lagarias law firm for 322.10 hours worked. The hours worked were billed at $300 per hour for partners, and $175 per hour for senior associates. $14,242.50 of the award will go to Ron Hogg's law firm for 63.30 hours at a rate of $225 per hour. Plaintiff is also awarded, under the contract, litigation expenses of $16,456.54. These include mediation fees, money for deposition transcripts, trial transcripts, travel expenses, filing fees, computerized legal research, and other similar expenses.

Defendant argues that the proposed attorney fees are unreasonable because Plaintiff's attorneys spent time unwisely. The Court disagrees, and finds that $106,935 for fees and $16,456.54 for expenses are reasonable. Accordingly, the Court GRANTS an award in the total amount of $123,391.54.

                                                                                                                                                 _____ : _____

                                                       Initials of Preparer

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 07-555-AG (RNBx) | Date | September 30, 2008 |
|---|---|---|---|
| Title | PRUDENCE CORP. v. SHRED-IT-AMERICA, INC., ET AL. | | |